UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAROLD EDWARD SPENCER, III, et. al.<br><br>Defendants. | Criminal No. 2:22cr106 |

## ORDER

Before the Court is a Notice and Motion to Submit Redacted Trial Exhibits (the "Motion") filed by the Government. ECF No. 199. In the Motion, the Government requests that the Court allow it "to substitute redacted versions of exhibits depicting the victims' faces" and requests "sufficient time to complete the process of blurring the victim's faces from the affected exhibits." *Id.* at 10. The Government represents that "the defense is not taking a position on the request." *Id.* at 2. As such, the Court considers this Motion to be unopposed.

As it relates to evidence that has been received during the course of a trial, there is a "right of public access [that] derives from two independent sources: the common law and the First Amendment." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 576 (E.D. Va. 2009) (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). But this right of public access may be overridden by, *inter alia*, a criminal defendant's Sixth Amendment right to a fair trial and an individual's constitutional right to privacy. *Level 3*, 611 F.Supp.2d at 580;

1

*see also Press-Enter. Co. v. Super. Ct. of Cal. for the Cnty. of Riverside*, 478 U.S. 1, 9 n.2 (1986) (acknowledging that both an accused's Sixth Amendment right to a fair trial and the "interests of those other than the accused," such as the privacy interests of "victims . . . may justify closing certain aspects of a criminal proceeding") (citing *Globe Newspaper Co. v. Super. Court for the Cnty. of Norfolk*, 457 U.S. 596, 607–10 (1982)); *United States v. Biaggi (In re N.Y. Times Co.)*, 828 F.2d 110, 116 (2d Cir. 1987) (deciding whether to unseal certain pretrial motion materials in a criminal case and noting that "[c]ertainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted" and that "[t]he job of protecting such interests rests heavily upon the shoulders of the trial judge, since all the parties who may be harmed by disclosure are typically not before the court").

Here, the Government has demonstrated good cause and a necessity to redact certain exhibits. The countervailing interest to unfettered access includes the victims' and witnesses' rights under the Crime Victims' Rights ACT (the "CVRA") because the victims' faces are considered personally identifiable information. *See* 18 U.S.C. § 3771; *see also* Article II: Guidelines Applicable to All Components: Privacy Considerations for Victims and Witnesses, https://www.justice.gov/ag/page/file/1546086/download (2022 edition at 5). Additionally, pursuant to 18 U.S.C. § 3771(a)(1), victims have the right to be reasonably protected and the statutory rights provided by the CVRA have been held to be a compelling basis to restrict public

access. *See United States v. Mitchell*, 2010 WL 890078, at *7 (D. Utah Mar. 8, 2010). Furthermore, even prior to the existence of the CVRA, courts have been mindful and protective of victims and their right to privacy versus the right to public access. *See In re Application of KSTP Television*, 504 F.Supp. 360, 363 (D. Minn. 1980) (in a case pre-dating the CVRA, denying motion to release tapes of a crime being perpetrated against a victim for commercial broadcast where there was scant additional value in providing the tape to the public and this was clearly outweighed "by the interest of [the victim] and of the public in maintaining the dignity of the private person"). Lastly, the Court concurs with the Government's argument that "substituting redacted exhibits . . . is a reasonable alternative to sealing—one that will respect the public's First Amendment rights while also protecting the privacy and security of innocent victims." Mot. at 10, ECF No. 199.

Accordingly, upon due consideration and for good cause shown, the Motion (ECF No. 199) is **GRANTED**. The Government **SHALL** file the modified exhibits with the Court as soon as practicable, but in any case by July 28, 2023. The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record for the Defendants in this case, to Mr. Butler and Mr. DePadilla of the United States Attorney's Office, and to the undersigned's Courtroom Deputy.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

July 20, 2023
Norfolk, Virginia

3